United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 28, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41681
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

SANTIAGO ENCISO-HERNANDEZ,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-105-1
--------------------

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

     Santiago Enciso-Hernandez appeals his guilty-plea conviction
and sentence for being an alien unlawfully found in the United
States following deportation after having been convicted of an
aggravated felony.  Enciso-Hernandez argues that the district
court erred by ordering him to cooperate in the collection of a
DNA sample as a condition of supervised release.  This claim is
not ripe for review on direct appeal.  See United States v.
Riascos-Cuenu, 428 F.3d 1100, 1101-02 (5th Cir. 2005), petition

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for cert. filed (Jan. 9, 2006) (No. 05-8662). The claim is dismissed. See id. at 1102.

Enciso-Hernandez argues for the first time on appeal that, in light of United States v. Booker, 543 U.S. 220 (2005), the district court plainly erred by sentencing him pursuant to a mandatory sentencing guidelines regime, a so-called Fanfan error. Although he concedes that the issue is foreclosed, he seeks to preserve for further review whether this court should review his Fanfan claim de novo because the remedial provisions of Booker were "unforeseeable and entirely novel" at the time he was sentenced. Enciso-Hernandez also seeks to preserve for further review whether this court's requirement in United States v. Bringier, 405 F.3d 310 (5th Cir.), cert. denied, 126 S. Ct. 264 (2005), that the defendant prove that the error affected his substantial rights, is inconsistent with the reasonable probability standard set forth in United States v. Dominguez Benitez, 542 U.S. 74 (2004).

Where Fanfan error is raised for the first time on appeal, review is for plain error. United States v. Valenzuela-Quevedo, 407 F.3d 728, 732-33 (5th Cir.), cert. denied, 126 S. Ct. 267 (2005). The mandatory application of the Guidelines after Booker is an error that is plain. Id. at 733. Enciso-Hernandez has not shown that his substantial rights have been affected, however, because the sentencing transcript is silent with regard to

whether the district court would have imposed a different sentence had the guidelines been advisory.  See id.

Enciso-Hernandez also challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).  Enciso-Hernandez's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although Enciso-Hernandez contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Enciso-Hernandez properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.